[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (RE: MOTION #123)
This matter comes before the court on the defendant, DGG Properties Co., Inc. motion for summary judgment. The motion is opposed by the plaintiffs. The following facts are not challenged by either party in their pleadings, exhibits and affidavits submitted regarding the pending motion.
The plaintiffs are owners of a time share week at the Water's Edge Inn Resort in Westbrook. The Defendant, DGG Properties Co., Inc. is a corporation doing business as the Water's Edge Inn Resort. It is the managing agent for Water's Edge Vacation Ownership Association, Inc. On or about February 7, 1997, the plaintiffs were assessed a late payment penalty charge of $50.00 for their failure to make timely payment of their 1997 Budget and Maintenance Assessment billing which was due on or before January 31, 1997. Subsequent to that date, the plaintiffs entered into a written agreement with the owners association's managing agent authorizing that agent to rent the plaintiff's time share week ("vacation ownership"). The owners association's managing agent is DGG Properties Co., Inc. The agreement provided that DGG would be paid a thirty-five (35%) percent administrative fee for rental of plaintiff's vacation ownership. The agreement also expressly provided: "In the event Owner [plaintiffs] shall become delinquent in the payment of any money owed to the Association prior to the rental dates and such delinquency shall remain unpaid as of the first day of the rental period, Owner shall lose the right to any rental income generated, which rental income shall be deposited into the Association's operating account, less the administrative fee paid to Water's Edge." The maintenance assessment billing to the plaintiffs provided notice of late payment liability and the conditioning of facilities use on payment. It did not provide notice of potential loss of rental income in the event of outstanding sums due from the plaintiffs to the Association. CT Page 11591
DGG successfully rented the plaintiff's vacation ownership in 1997 for and collected the 35% administrative fee from the rent paid. The balance was $928.00. The plaintiff's $50.00 late fee was still outstanding to the Association. DGG paid the $928.00 over to the Association. The plaintiffs received no funds from the rental transaction. This lawsuit ensued.
The plaintiffs have brought their complaint in six counts addressed to the defendant DGG: breach of contract, breach of fiduciary duty, tortious interference with a financial expectancy, violation of CUTPA, intentional violation of CUTPA, and wrongful conversion. All of the counts pertain to the facts related above. The defendant DGG has filed an answer in denial to each of the six counts and special defenses. The plaintiffs have denied the special defenses.
The motion for summary judgment filed by the defendant DGG is accompanied by a document entitled 'memorandum of law'. However, all this memorandum accomplishes is a recital of the undisputed facts. There is no presentation of law or argument of the law as it relates to these facts. Indeed, the defendant has failed to make any presentation as to what the elements of each cause of action are, and, whether the undisputed facts will support the causes of action. It may be as the defendant claims that there is no material fact at issue. Even if it is determined, then, that there is no material issue of fact, the court must then determine whether the defendant is entitled as a matter of law to summary judgment on each count addressed to it.
Practice Book section 11-10 requires "[a] memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with . . . motions for summary judgment." The document filed by the defendant does not meet this practice book requirement. In contradistinction, the plaintiffs' memorandum of law in opposition to the motion for summary judgment references and outlines the authorities they claim in support of their position.
Therefore, the defendant's motion for summary judgment is denied.
MUNRO, J.